UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ERIC HACHE and**
**DEBRA HACHE,**

    **Plaintiffs,**

v.                                      **CASE NO. 8:07-CV-1248-T-30EAJ**

**DAMON CORPORATION,**

    **Defendant.**
_____/

**ORDER**

Before the court are **Defendant Damon's Motion and Renewed Motion for Relief Under Fed. R. Civ. P. 37 for Plaintiffs' Failure to Provide Discovery** (Dkts. 7, 9), filed on October 5, 2007 and November 26, 2007, respectively. Defendant seeks relief for Plaintiffs' alleged failure to comply with Rule 26(a)(1), Federal Rules of Civil Procedure. On November 5, 2007, this court ordered Plaintiffs to show cause within ten days why the court should not grant the relief that Defendant requests (Dkt. 8). Plaintiffs failed to respond to this court's show cause order. Further, Plaintiffs failed to respond to either of Defendant's motions and the period for responding has elapsed. See Local Rule 3.01(b), M.D. Fla.

Defendant alleges that Plaintiffs have not complied with Federal Rule of Civil Procedure 26's damages disclosure requirements. Rule 26(a)(1)(A)(iii)[1] requires that a party provide the other parties with "a computation of any category of damages claimed by the disclosing party . . . ." According to Defendant, Plaintiff's disclosures fail to comply with Rule 26(a)(1)(A)(iii) because

---

[1] The Federal Rules of Civil Procedure were amended December 1, 2007, during the pendency of the instant motions. Accordingly, the court considers the motions under the amended rules.

they provide only an evasive, non-responsive statement without any monetary computation of alleged damages sought. Defendant argues that the claim in this case for breach of warranty seeks economic damages that can be quantified.

Pursuant to Rule 37(c), Federal Rules of Civil Procedure, Defendant seeks to prevent Plaintiffs from pursuing any past, present, or continuing economic damages. Further, Defendant argues that the court should preclude Plaintiffs from introducing during pretrial or trial any evidence of damages under Fed. R. Civ. P. 37(b)(2)(A)(ii). Defendant also requests and award of attorneys' fees and costs incurred in bringing the instant motions. As previously noted, Plaintiffs have failed to respond to both of Defendant's motions as well as the court's order to show cause.

The trial court has discretion in imposing sanctions for a party's failure to cooperate in discovery. Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987) (citations and quotations omitted). Rule 37, Federal Rules of Civil Procedure, outlines numerous sanctions the court may impose against uncooperative parties for the failure to comply with a court order or the failure to disclose information as required by Rule 26(a). Fed. R. Civ. P. 37(b), (c). Possible sanctions include "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence," or awarding attorneys' fees and costs to the moving party. Id. Strict adherence to Rule 37 is necessary to prevent parties from "flouting discovery orders." Buchanan, 820 F.2d at 361.

In pertinent part, Rule 37(c) provides that unless there is substantial justification for the party's failure to disclose Rule 26(a) information, or the failure to disclose is harmless, the court may prohibit the party from using the undisclosed evidence on a motion, at a hearing, or at trial. Fed. R. Civ. P. 37(c)(1); Murdick v. Catalina Marketing Corp., 496 F. Supp. 2d 1337, 1345 (M.D.

Fla. 2007). The court may also impose other appropriate sanctions in lieu of striking the evidence. Id. The burden of showing that the noncompliance is substantially justified or a result of harmless error rests with the noncomplying party. Weaver v. Lexington Ins. Co., No. 8:05-CV-1913-T-27TBM, 2007 WL 1288759, *2 (M.D. Fla. May 2, 2007) (citation omitted).

Plaintiffs fail to show that their noncompliance with either this court's order to show cause or Rule 26's disclosure requirements is substantially justified or the result of harmless error. Indeed, Plaintiffs impliedly concede to the relief requested by Defendant through their complete failure to respond to either of Defendant's motions as well as the court's show cause order. However, Defendant's motions did not request, and this court has not yet entered, an order compelling the discovery at issue; rather, Defendant has moved only under Rule 37 for sanctions.

Facially, Rule 37 "does not require that a court formally issue an order compelling discovery before sanctions are authorized." United States v. Route 1, 126 F.3d 1314, 1317-18 (11th Cir. 1997). However, because of the severity of the sanction requested, the court finds that an order compelling the discovery is a necessary precursor to the imposition of the relief sought. See id. Accordingly, Plaintiffs are ordered to produce the requested discovery within twenty (20) days of the date of this order.

The court finds, however, that monetary sanctions against Plaintiffs pursuant to Rule 37(c)(1)(A) for attorneys' fees and costs incurred by Defendant in bringing the instant motions are more than appropriate at this juncture. The parties are directed to confer and make all reasonable efforts to stipulate to an agreed sum for the fees and costs associated with defense counsel's prosecution of the motions (Dkts. 7, 9). If the parties reach an agreement, defense counsel is directed to inform the court of such agreement. If the parties are unable to agree on a sum by December 31,

2007, defense counsel shall file an affidavit detailing the reasonable attorneys' fees and costs incurred in prosecuting the motions. Defense counsel is also directed to submit time sheets verifying the fees claimed. Plaintiffs shall have ten (10) days to object to the fees outlined in defense counsel's affidavit, and this court shall resolve any dispute regarding the reasonable fees claimed by defense counsel.

Upon consideration, it is **ORDERED** and **ADJUDGED** that:

(1) Defendant's Motion for Relief Under Fed. R. Civ. P. 37 for Plaintiffs' Failure to Provide Discovery (Dkt. 7) is **GRANTED IN PART**;

(2) Plaintiffs are **ORDERED** to provide Defendant with the discovery at issue within twenty (20) days of the date of this order;

(3) The court awards Defendant attorneys' fees and costs incurred in bringing the motions as a sanction against Plaintiffs under Rule 37 for failure to cooperate in discovery. The parties are directed to confer and make all reasonable efforts to stipulate to an agreed sum for the fees and costs associated with defense counsel's prosecution of the motions as discussed above; and

(4) Defendant's Renewed Motion for Relief Under Fed. R. Civ. P. 37 for Plaintiffs' Failure to Provide Discovery (Dkt. 9) is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Tampa, Florida on this 13th day of December, 2007.

_____
ELIZABETH A JENKINS
United States Magistrate Judge

4