**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**ERIC HACHE and DEBRA HACHE,**

    **Plaintiffs,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 8:07-cv-1248-T-30EAJ**

**DAMON CORPORATION,**

    **Defendant.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant Damon Corporation's ("Defendant") Motion to Require Plaintiffs to Post Bond Pursuant to § 501.211(3), Fla. Stat. Pending Outcome of Litigation, or in the Alternative, to Dismiss Count II of the Operative Complaint (Dkt. 17). Plaintiff has failed to timely respond to either the Motion or the Court's Order directing the Plaintiff to show cause why said Motion should not be considered without the benefit of a response (Dkt. 18). The Court, having reviewed the Motion and supporting memorandum, and being otherwise fully advised in the premises, determines that it should be granted in part and denied in part.

Background

On or about January 14, 2005, Eric and Debra Hache ("Plaintiffs") purchased a 2004 Damon Intruder recreational vehicle. Plaintiffs allege the vehicle was manufactured and warranted by Defendant, and claim Defendant has breached one or more written warranties

by failing to repair numerous nonconformities. Plaintiffs have asserted claims under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.,* and the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.* ("FDUTPA").

Defendant argues Plaintiffs' FDUTPA claim is a frivolous attempt to recast their breach of warranty claim. As a result, Defendant moves the Court to require Plaintiffs to post a bond in an amount sufficient to indemnify Defendant in the maximum amount of attorneys' fees sought by Plaintiffs in this action. Alternatively, Defendants argue Plaintiff's FDUTPA claim should be dismissed.

## Discussion

Because the Court concludes the FDUTPA claim should be dismissed, it need not address Defendant's Motion for Plaintiff to post a bond. To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is

exceedingly low.  *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).  However, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 127 S. Ct. at 1959.

In *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So.2d 773, 777 n. 2 (Fla. 2003), the Florida Supreme Court cautioned that a breach of contract claim without significant allegations of unfair or deceptive conduct is insufficient to state a cause of action under FDUTPA.  Mere allegations of intentional breach of contract are insufficient to state a claim under the statute.  *See Matrix Group Ltd. v. Rawlings Sporting Goods Co.*, 477 F.3d 583, 596 (8th Cir. 2007).

Upon review of the Complaint, the Court agrees that Plaintiffs' FDUTPA claim alleges nothing more than breach of the subject warranties.  As Plaintiffs have failed to allege significant deception or malice on the part of Defendants, their allegations are insufficient to state a claim under FDUTPA.  *See id.*  Accordingly, the Court concludes the FDUTPA claim (Count II) should be dismissed without prejudice.  Plaintiffs may amend their Complaint to cure this defect if they can in good faith allege a proper cause of action under FDUTPA.  As a result, the Court will deny Defendant's motion for bond and request for attorneys' fees.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Damon Corporations's Motion to Require Plaintiffs to Post Bond Pursuant to § 501.211(3), Fla. Stat. Pending Outcome of Litigation, or in the

Alternative, to Dismiss Count II of the Operative Complaint (Dkt. 17) is **GRANTED in part and DENIED in part** as set forth herein.

2. Count II of Plaintiff's Complaint is hereby **DISMISSED without prejudice**. Plaintiff shall have twenty (20) days to amend its Complaint to state a cause of action under Florida's Deceptive and Unfair Trade Practices Act, failing which Count II shall be dismissed with prejudice.

3. Defendant's motion for bond and request for attorneys' fees are **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on April 1, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2007\07-cv-1248.mt bond mtd.frm