UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ERIC HACHE and DEBRA HACHE,**

    **Plaintiffs,**

v.                                              Case No.  8:07-cv-1248-T-30EAJ

**DAMON CORPORATION,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Damon Corporation's Motion for Summary Final Judgment (Dkt. 20).[1]  The Court, having considered the motion and supporting memorandum of law, and being otherwise fully advised in the premises, determines the motion should be granted.

### Background

On or about January 14, 2005, Eric and Debra Hache ("Plaintiffs") purchased a 2004 Damon Intruder recreational vehicle.  Plaintiffs allege the vehicle was manufactured and warranted by Defendant, and claim Defendant has breached one or more written warranties by failing to repair numerous nonconformities. Plaintiffs originally asserted claims under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*(the "MMWA")*,* and the Florida

---

[1] As Plaintiff has failed to timely respond to Defendant's motion, the Court has considered the motion without the benefit of a response.

Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.* ("FDUTPA"). On April 8, 2008, Plaintiff's FDUTPA claim (Count II) was dismissed with prejudice.

Throughout the discovery process in this case, Plaintiffs have continually failed to comply with their discovery obligations. Plaintiffs have ignored both the Court and the Federal Rules of Civil Procedure. As a result, United States Magistrate Judge Elizabeth A. Jenkins entered an Order imposing sanctions on Plaintiffs. *See* Dkt. 14. Pursuant to Judge Jenkins' Order, Plaintiff's are prohibited from pursuing any past, present, or continuing economic damages in this case, and are precluded from introducing any evidence of damages during pretrial or trial. *See* Dkt. 20 (citing Fed. R. Civ. P. 37(b)(2)(A)(ii)).

**Summary Judgment Standard**

Summary judgment is appropriate only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995). At the summary judgment stage, the judge's function is not to "weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986).

In considering a motion for summary judgment, the court views all evidence in the light most favorable to the party opposing the motion. *Harris v. H & W Contracting Co.*, 102 F.3d 516, 519 (11th Cir. 1996). The moving party bears the initial burden of demonstrating

the absence of a genuine issue of material fact. If the movant meets this burden, the burden then shifts to the nonmoving party to establish that a genuine dispute of material fact exists. *See Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 918 (11th Cir. 1993).

## Discussion

Plaintiff's MMWA claim seeks damages, attorney's fees, and costs pursuant to 15 U.S.C. § 2310(d), which provides in pertinent part as follows: "a consumer who is damaged by the failure of a . . . warrantor . . . under a written warranty . . . may bring a suit for damages and other legal and equitable relief." Plaintiffs are precluded from introducing any evidence of damages in this case. Absent evidence of damages, Plaintiffs' MMWA claim fails under the express terms of the Act.

Morever, the MMWA is intended to supplement, not supplant, state law. *Bailey v. Monaco Coach Corp.*, 350 F. Supp. 2d 1036, 1040 (N.D.Ga. 2004) *aff'd, Bailey v. Monaco Coach Corp.*, 168 Fed. Appx. 893, 895 (11th Cir. 2006). Unless the MMWA specifically prescribes a regulating rule, state law should be applied to written and implied warranty claims brought under the act. *Id.* (citing *Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1012 (D.C.Cir. 1986)). Because the MMWA does not expressly modify Florida law with respect to limited warranties, such as the one at issue in this case, Florida law applies to Plaintiffs' MMWA claim. *Id.* at 1042. Under Florida law, the existence of damages is an essential element to a claim for breach of a warranty contract. *See Power v. Lazy Days' R.V. Center, Inc.*, 2007 WL 1064215, at *2 (M.D.Fla. April 4, 2007). As Plaintiffs are barred from introducing evidence of damages, no genuine issue of material fact exists on the issue of

damages. Accordingly, the Court concludes Defendant is entitled to summary final judgment.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Damon Corporation's Motion for Summary Final Judgment (Dkt. 20) is **GRANTED**.

2. The Clerk is directed to enter **JUDGMENT** in favor of Defendant, Damon Corporation, and against Plaintiffs, Eric Hache and Debra Hache.

3. All pending motions are denied as moot. The Clerk is directed to close this file.

4. The Court reserves jurisdiction to determine Defendant's entitlement to attorney's fees and costs.

**DONE** and **ORDERED** in Tampa, Florida on May 20, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2007\07-cv-1248.msj.frm